E-FILED
Wednesday, 22 November, 2017  08:23:22 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

|  |  |
|---|---|
| TERRY MCGLASSON, | Case No.: 17-cv-3276 |
|     Plaintiff, | |
| v. | **COMPLAINT** |
| THE MASCHHOFFS, LLC, | **JURY DEMANDED** |
|     Defendant. | |

Now comes the Plaintiff, TERRY MCGLASSON, by and through his attorneys and for his Complaint against the Defendant, THE MASCHHOFFS, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is a complaint for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2.     Specifically, Plaintiff contents that he is an individual within the meaning of the ADA, that Defendant unreasonably refused to consider accommodation of his disability, and discharged him because of his disability, in violation of the ADA.

3.     All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a.     Plaintiff filed a Charge of Discrimination, number 440-2017-05774, with the Equal Employment Opportunity Commission ("EEOC") on August 28, 2017.

    b.     The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on September 1, 2017.

## PARTIES

4.      Plaintiff is an individual who at all relevant times resided in Jacksonville, Illinois.

5.      On information and belief, Defendant is a limited liability corporation of the State of Illinois whose principal place of business is located in Carlyle, Illinois.

6.      Plaintiff and Defendant are each a "person" within the meaning of the ADA, 42 U.S.C. § 12111(7) as Plaintiff is an individual and Defendant is a corporation.

7.      Plaintiff is an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4), as he is an individual employed by an employer, the Defendant herein.

8.      Plaintiff is a "qualified individual" within the meaning of the ADA, 42 U.S.C. § 12111(8), as he is an individual who, with or without reasonable accommodation, could perform the essential functions of the employment that he held.

9.      Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as it is a "person" engaged in an industry affective commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## BACKGROUND FACTS

12.     Plaintiff began his employment with Defendant on or about June 6, 2016.

13.     Plaintiff's most recent position with Defendant was as a pressure washer.

14.     On or about November 9, 2016, Plaintiff injured his right shoulder while performing his regular job responsibilities.

15.     Plaintiff sought care from his personal physician for his injury immediately after injuring himself.

16.     Plaintiff was subsequently referred to a specialist by Defendant. Said specialist told Plaintiff that he would have to do physical therapy three times a week, in addition to keeping regular doctor appointments, in order to properly treat the injury.

17.     During or about January 2017, Defendant assigned Plaintiff to perform light-duty job responsibilities in place of his regular job responsibilities.

18.     Plaintiff's manager, Joshua Clark, also gave Plaintiff permission to choose when he would begin his daily shifts in order to assist Plaintiff with scheduling doctor and physical therapy appointments.

19.     On or about March 13, 2017, Plaintiff received an injection in his shoulder that resulted in an adverse reaction.

20.     Said injection reacted with a pre-existing skin disorder, resulting in Plaintiff breaking out in hives, not being able to sleep, and needing to apply medical ointment to the affected area.

21.     On or about March 14, 2017, Plaintiff informed Defendant that he would arrive at work slightly later that day due to the adverse reaction he had developed from the injection.

22.     Defendant terminated Plaintiff's employment on or about March 14, 2017.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

23.     Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 22 above as if reiterated herein.

24.     Defendant intentionally discriminated against Plaintiff on the basis of his disability in one or more of the following ways:

a.      Failing to reasonably accommodate his disability;

b.      Terminating him because of his disability; and/or

c.      Retaliating against him for requesting accommodations due to his disability.

25.     Defendant's actions were in willful and wanton violation of Plaintiff's rights.

Wherefore, Plaintiff TERRY MCGLASSON, respectfully prays this Honorable Court enter judgment against Defendant, THE MASCHHOFFS, LLC, as follows:

a.      Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

b.      Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c.      Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of disability;

d.      Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would

4

have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e.      Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f.      Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g.      Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h.      Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

TERRY MCGLASSON

By:     /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        111 West Jackson Blvd., Suite 1700
        Chicago, IL 60604
        Phone: (312) 212-4355
        Fax: (866) 633-0228
        dlevin@toddflaw.com